## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LYNNDORA WESTON, individually and as personal representative and administrator of the Estate of LENZELL WESTON, deceased,<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST OHIO CORRECTIONAL CENTER, et al.,<br><br>Defendants. | Civil Action No. 4:22-cv-01855-BYP<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this Stipulated Protective Order have agreed to its terms; accordingly, it is ORDERED:

1.      For purposes of this Order, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26) or confidential personal information, including, but not limited to decedent's and other inmates' health care and mental health information, institutional file and/or documents, disciplinary related documents, presentence investigations, documents containing financial, pricing, or contractual information, including but not limited to portions of contract(s) between the Ohio Department of Rehabilitation and Correction and CoreCivic, Inc. ("CoreCivic") that

are not made available to inmates, policies, procedures, training materials, CORECIVIC's document retention policy, grievance logs, diagrams, maps, video, as well as confidential information relating to the security of a CORECIVIC facility, and personal information relating to current or former CORECIVIC employees, or relating to or identifying current or former inmates (other than Plaintiff's decedent), the disclosure of which might invade those employees' or inmates' privacy.  By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies, or summarizes any matter that any party considers confidential.  Nothing in this Order or the acceptance of documents under this Order waives any party's rights to object to the classification of any information as confidential and to submit the issue to the Court for resolution.  Nothing in this Order will preclude a party from describing the contents of a video in a pleading or in open Court, or in playing a video in open Court, provided that the opposing party receives prior notice two business days before the video is played in order to raise any objection with the Court. Moreover, nothing in this Order precludes a party from generally describing or referring to a policy, procedure, post order or practice, that has been designated "Confidential," in a pleading or in open Court.

2.      By way of example, the term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk

diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes, disclosures, data, reports, work assignments, instructions, and other writings.

3.      It is contemplated that the parties may produce certain of their files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION.  Only documents marked as **"CONFIDENTIAL"** will be subject to this Protective Order.  Documents subject to this Order will be used by non-producing counsel only in this lawsuit.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.  Any document marked **"CONFIDENTIAL ATTORNEYS' EYES ONLY"** shall not be provided to the Plaintiff or any inmate.

4.      Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    a.      The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

    b.      The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been

designated CONFIDENTIAL INFORMATION will be prominently marked:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**

c. All portions of deposition or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs Seven ~~and Ten~~.

B.Y.P.

5. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible.  An un-redacted version will be filed under seal via CM/ECF in accordance with L.R. 5.2 using the "SEALED DOCUMENT" event. / *See* Electronic Filing Policies and Procedures Manual at Sections 19 and 24. CONFIDENTIAL INFORMATION will not be disseminated in the text of any Motion paper filed, but incorporated solely by reference to a sealed exhibit. / Filings may only be sealed with an explicit Order from the Court. ~~Any party filing such a sealed exhibit is responsible for transmitting via overnight courier or hand delivery to the Court's chambers every such filed SEALED DOCUMENT, in an unsealed envelope bearing the caption in this matter, along with a clear marking that the envelope contains as "COPY – ORIGINAL FILED UNDER SEAL."~~ Likewise, any party filing such a SEALED DOCUMENT is responsible for causing to be transmitted/ to the opposing party on the day of electronic filing, via e-mail or overnight courier, a copy of all such exhibits filed as SEALED DOCUMENTS.

B.Y.P.

B.Y.P.

B.Y.P.

6. Prior to trial, the parties shall meet and confer regarding agreed redactions to any document or thing designated as CONFIDENTIAL INFORMATION, which any party wishes to use in open court.  Should the parties not be able to reach an agreement regarding

appropriate redaction or the preparation of a non-confidential summary document pursuant to FED. R. EVID. 1006, such documents will remain subject to this Protective Order, pending an individual ruling by the Court.

7.     Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, parties, counsel of record (and their support staff) for the parties, litigation support vendors engaged by counsel for the parties, witnesses who had access to the CONFIDENTIAL INFORMATION prior to the institution of this litigation, or who have need for access to CONFIDENTIAL INFORMATION, and retained testifying or consulting experts.  Any attorney, support staff, litigation support vendor, or expert to whom disclosure is made will be furnished a copy of the Protective Order and will be subject to the Order.  Any CONFIDENTIAL INFORMATION containing an address or contact information concerning former or current employees of CORECIVIC; security-sensitive information relating to the operation of a correctional facility; business sensitive information/~~relation~~ relating to CORECIVIC's B.Y.P. operating costs, budget, and negotiated contracts, which are not matters of public record; or, personal health information pertaining to any prisoner other than Lenzell Weston will not be 1) publicly disclosed; 2) disclosed to any present or former inmate; or 3) disclosed to any individual not identified in this paragraph.

8.     If any counsel or party disputes a document or thing's designation as CONFIDENTIAL INFORMATION, counsel for the parties will confer to discuss the issue.  Unless designating counsel expressly agrees to withdraw the designation or agrees to provide it in a redacted form which addresses the security, privacy, or business-

competition concerns, CONFIDENTIAL INFORMATION labeled in accordance with this Order shall not be disclosed except as in accordance with this Order, pending the Court's determination of the propriety of the designation, and the expiration of time to appeal any such decision.  If counsel cannot reach a good faith agreement on the issue, the parties may take such steps as are appropriate to resolve the dispute.

9.      Counsel for the parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION.  The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

10.     Upon completion of this litigation, the non-designating counsel shall not use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement in any other lawsuit, administrative proceeding, advertising, public or trade presentations, or in any other way which would allow a person or entity to see or examine the content of the documents or materials produced in this litigation.

11.     Upon completion of the litigation, counsel and their experts shall return to the producing party any CONFIDENTIAL INFORMATION produced in this action.

12.     Nothing in this Protective Agreement precludes Plaintiff or Defendants from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order.

13.     Each person designated in Paragraph 7, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its

provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.  The Court shall retain jurisdiction to enforce this Order after the litigation is terminated.

14.     Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**IT IS SO ORDERED.**

Dated:     May 1, 2023                              */s/ Benita Y. Pearson*
                                                          United States District Judge
                                                          Northern District of Ohio

**WE SO MOVE TO STIPULATE.**

By:/s/Donald P. Screen                      By:/s/Timothy J. Bojanowski
   Subodh Chandra (0069233)                    Timothy J. Bojanowski (0016162)
   Donald P. Screen (0044070)                  Struck Love Bojanowski & Acedo, PLC
   The Chandra Law Firm, LLC                   3100 W. Ray Road, Ste. 300
   The Chandra Law Building                    Chandler, AZ  85226
   1265 W. 6th Street, Ste. 400                *Attorney for Defendants CoreCivic,*
   Cleveland, OH  44113-1326                   *Inc. and Warden David Bobby*
   *Counsel for Plaintiff*

Dated:     03/01/2023                        Dated:     03/01/2023

7